Case No. 22-3419 Pino Porras v. Attorney General Ms. Fetra Good morning, Your Honors, and may it please the Court. Kate Fetra from the New York Legal Assistance Group on behalf of Petitioner Adalberto Pino Porras. With the Court's permission, I'd like to reserve five minutes for rebuttal. That is granted. Thank you. The parties agree that the immigration judge's decision affirming the asylum officer's negative reasonable fear determination was so flawed that it was insufficient for this Court's meaningful review. And so the parties agree that the case must be returned to the IJ so that it can reconsider whether Mr. Pino Porras has a reasonable fear of being deported to Ecuador, where a gang has terrorized his family for decades. Where the parties diverge, however, is on how to remand the case. This Court has a consistent practice when, as here, the IJ's opinion was conclusory, contained false statements, and ignored evidence in the noncitizen's favor. And that practice, and the approach that the Court should take here, is to grant the petition, vacate the flawed order, and remand the case to the agency for proceedings consistent with an opinion by this Court, explaining why the IJ's opinion was insufficient for meaningful review. As Respondent acknowledges, this is the Court's standard practice. And the Court has taken this posture again and again and again. In fact, Respondent does not identify a single case under these circumstances where the Court has taken a different approach. Nevertheless, instead of this standard practice, Respondent suggests that the Court should remand the case without granting the petition, vacating the underlying order, or directing that new proceedings be consistent with this Court's opinion. This approach would not provide any guidance to the IJ and the agency as to the errors in the IJ's decision. It seems a pretty narrow area of dispute, then, that, you know, we're not talking about some deeply, deeply disputed grounds for remand, as I understand that both you and the United States say. The IJ's opinion could have been fuller. There was the error regarding gang membership that was included. It seems sort of self-evident as to what's going to happen on remand. So how much of a difference is there between what you're asking for and what they're seeking? I think the distinction is really meaningful, Your Honor. So, first, without the kind of guidance that an opinion by this Court, that the Court has done, for example, in Balderas-Travado and other cases in that line, would provide, there's a real risk that the IJ would repeat the errors on remand. In fact, the IJ already denied a motion to reconsider below, suggesting that without the kind of substantive guidance that this Court typically provides under these circumstances, she may have reached the same decision or issue a carbon copy of her decision below. But the other important issue — Certainly reached the same decision. Your point is that the decision has to meet the standards for reviewability and should be error-free in a meaningful way. That's correct, yes. Assuming that the Court — I want to be clear on this. Assuming that the Court agrees with the consensus of the parties, that the decision is insufficient on its pace for meaningful review, the Court does not need to reach the third question presented in Petitioner's opening brief on whether, on the merits, the IJ's decision was supported by substantial evidence. But the other meaningful difference is that the IJ below denied Mr. Pinopores's right to counsel under 8 U.S.C. Section 1362. And it's particularly important that the Court clarify that right on appeal, because Respondent has taken the position in this appeal that he does not have a right to counsel in these proceedings, which raises the real possibility on remand that, without clarification from the Court as to his right under 1362, the IJ will repeat that error and deny him his right again on remand. Then I want to be clear that Mr. Pinopores's right was actually violated here. He repeatedly told the immigration judge that he had not been able to contact his attorney since learning of the proceeding the day before and that he wanted her there. But the IJ denied him any continuance or paused the proceedings to allow him to contact his attorney and held the proceedings entirely. And all of that, obviously, so maybe that's the real argument that you're making here. Right? So all of that matters only if 1362 creates a right to counsel, right? And it only creates a right to counsel, as I read the statute, if this is a removal proceeding. That's correct. So why is this a removal proceeding, given that the order of removal is already in place and cannot be disturbed or altered or changed in any way, nor any additional relief be granted from removal, other than withholding only proceedings, which don't do anything to that underlying order? There's a distinction between removability, which you're right, it's been set. The previous order of removal has been reinstated. He has been determined that he is removable. But that's different than a final order of removal. As this Court recently reaffirmed in Innistrosa Tosta and Progeny, the proceedings that lead, the decision that comes out of these proceedings is a final order of removal. So the proceedings that generate that final order of removal are removal proceedings. And that's exactly what the Ninth Circuit held in Orozco-Lopez, which is the only court of appeals to have addressed this question. But that case doesn't seem to grapple with the Supreme Court's decisions making clear that there's a distinction between removability and withholding, right? And that's, and of course, all of this goes into Innistrosa and the jurisdictional analysis at Riley, and I don't think we need to get into that. But they are kind of baked into the same question, right? And so if you're right, then, of course, then 1362 has a generous applicability to anything that kind of touches upon removal in one form or another. But that seems to give short shrift to the Supreme Court's recent decisions in Nasrallah saying, no, withholding only is a very different kind of relief, one that is secondary, supplemental, if you will, to removal. It's simply not part of the removal process, which has now been settled. All we're deciding at this point, all Mr. Pena-Pores is saying is, at this time, I can't be returned to my home. That could change tomorrow, could change at some time in the future. But nothing else about the removal decision is altered. So how is this a removal proceeding in anything other than kind of a literalist sense of the word? And why doesn't that do violence to the withholding only jurisprudence of things like Nasrallah? Sure. Those cases are generally in the context of detention and the right to a bond proceeding. And as the court distinguished those cases in Innistrosa-Tosta, where it drew a distinction between, again, removability, which those cases address and address in the bond context, and whether someone is removable, whether there is a final order of removal that is generated out of the reasonable fair proceedings before an immigration judge. To Your Honor's question about the context of the statute and what interpretation does violence to the text of the statute, it's, in fact, the reading that 1362 does not cover these proceedings that does violence to the text of the statute because it would read surplusage as respondent has conceded into 1362 and into other provisions of the INA, which refer to removal proceedings under 1229A. It seems like those are two separate arguments, though, at least as I've kind of thought about it. One is what does the word any removal proceeding mean in 1362, right? And the second would be once you reach a best meaning for that language, does it create any sort of tension with 1229A or the rest of the statutory framework? But I want to start with that first because if there's no ‑‑ if there's only one absolute meaning of any removal proceeding, then, you know, the tension issue becomes a little less important. But it seems as though they're really ‑‑ that's where we have to start. And to read any removal proceeding to reach withholding only proceedings does ‑‑ it's going to run up to the tension that's created by Nasrallah. And I understand Interstosa, but, you know, again, that's the question that's already on review in Raleigh. So I don't know how much we want to rely on that reasoning when it's what's underpinning the question to a large part that's now before the court on certiorari. Maybe that's why he needs an attorney on remand to deal with these questions as one's first impression at the hearing. I certainly agree, Your Honor. The types of questions and the types of value that an attorney add to this proceeding is not only on the substantive merits but on any legal questions that might arise before the immigration judge. Fair enough, but that's a determination for Congress, right? I mean, Congress wants to write that. It can write it. What we're trying to figure out is did they write it? So I want to give you time to address the 1229A question because I'm not so sure that it has to be that you can't read these two statutes together because it seems as though 1229 and 13 and 13, what is it, 62? 1362 can be read to do two different things, right? First, 1229 doesn't govern administrative appeals of orders revolving 1229A removal proceedings. So there's at least some right that isn't there. And 1229 as well is cabined by the discretion of the Attorney General. It says the right to counsel shall be permitted under regulations of the Attorney General. 1362 has no such qualifier. So, in other words, you can't qualify the right in 1362 for a counsel in removal proceedings through regulations. But you can under 1229. So doesn't that suggest that whatever 1229 ebbs and flows based on the discretion of the regulations promulgated by the executive branch, whereas the right under 1362 stands on its own. But that just gets us back to what is it standing for? What is a removal proceeding? So that's why I don't know that the tension between the 1229 and 1362 much matters because you can read the statutes to find a right in one that doesn't exist in the other. It just backs you back into what's a removal proceeding in the first place. Sure. The content of 1229A right to counsel and the 1362 right to counsel in the text of the statutes are basically are very similar. They both allow you to have a counsel of your choice at no expense to the government by an attorney who is licensed for practice in the relevant jurisdiction. The difference is that 1229A's right to counsel is limited only to 1229A proceedings, whereas the right in 1362 says any removal proceedings. Where Congress intended to refer only to 1229A removal proceedings, it does so. It's specifically direct. I see that I'm out of time, if I can make it. You can take it. Thank you. Where Congress intended to refer only to removal proceedings under 1229A elsewhere in the INA, it does so. It says in removal proceedings under 1229A. So in order for the text of 1362's any removal proceedings to have any content and not be entirely surplusage, that meeting needs to be distinct from removal proceedings under 1229A. And the only possible distinction that could be drawn is that it covers proceedings like the one Mr. Pinoforis was in. Thank you. Thank you, counsel. Ms. Kirksick. Good morning, Your Honors. My name is Sonya Sarge Kirksick on behalf of the United States Attorney General. The court should grant the government's motion to remand and remand this case to the Immigration Court for further consideration. I agree with Your Honors that the distinction that my colleague on the other side is trying to draw between their characterization of what the court ought to do, I think, and the government's position will ultimately lead to the same result, which is a remanded case before the Immigration Court for further consideration for whatever issues that may arise. And the IJ has wide discretion in conducting the review hearing, and so the counsel will have the opportunity to be present and raise whatever issues that they want to raise. I'll say that the granting the motion itself, which is at docket number 40, our motion is sort of a technical procedural matter is drafted in a way that in my understanding is that the IJs are used to seeing. It includes a roadmap and very specific page sites, not just the AR sites, but also sites to the record that the IJ will have before it in terms of identifying the evidence that she did not discuss in her decision in the first place. And I think that what I gathered from the brief of my opposing counsel was there's one point in the brief where she says that the government agrees that substantial evidence does not support the position. I want to respond to that on the record and say that that is not the case, because there can be no substantial evidence review of what the IJ did, because our position is that it's not reviewable under this court's case law. If Ella Reyes-Oterado, as your honors I'm sure are well aware, is very clear that the IJ has to say more than what she did in this case. So if we were to summarily remand, could the IJ issue a new opinion without having a new hearing? I don't know the answer to that, your honor. My understanding is that the remand would be to have another hearing so that counsel would be present. Okay, so any order issuing a remand would need to specify that there should be a new hearing in front of the IJ. I would say yes to make things clear that that is the outcome, and the attorney general does not object to that outcome given the procedural posture on this case. Okay, so the attorney general agrees that an attorney in this case should be able to be present at the hearing before the IJ. Is that correct? Well, I will say, so that sort of overlaps with the right to counsel issue. I think that even in Orozco-Lopez, the Ninth Circuit did not, the right to counsel that was found there was not a right of counsel to be present. It was a right for the opportunity to have counsel present within the 10-day period that is established by 208.31G. Which is another part of, maybe another part of the issue with reaching questions of law here, because it seems to those it's not entirely clear what happened at the hearing. Was there notice given? The attorney was, did the petitioner know the hearing was happening? Did he receive the right notice? Was the attorney notified? I mean, the record is not entirely clear on that point. So I take your point to be, it's not even clear that the right to retain counsel that is preserved in at least some quantum of mobile proceedings wasn't honored here. What may have happened is something else. And if that's the case, then it seems like that should be resolved, perhaps, on remand to know whether or not we actually have this case, this issue before us. I agree, Your Honor. I don't, I agree this is an important question, 1362's applicability. But this is not the case in which it should be decided, both because of the merits remand and because of the issue that Your Honor identified. The record is not very clear as to, you know, the, I mean, ultimately it's the government's position that the right to counsel here on the record that we have was not violated. Because the notice was served on the 2nd of December. The petitioner admitted on the record that he received that notice and that he called his attorney. And the hearing was held on the 6th, which was six days into that 10-day period. And, you know, I will also add that the facts in Orozco-Lopez, you know, that was a consolidated case where there were two petitioners at issue. And the court found that one of them, for one of the petitioners, the right was violated because the I.J. did not say anything about the right to a lawyer on the record at the I.J. hearing. And he, as far as I know, the record did not demonstrate that he was informed of that right. Here that's not the case. The hearing notice included. Can I just let you hear it? Yes. Because the record shows that counsel entered an appearance. The form on which counsel entered her appearance stated that she would be notified of any proceedings. And yet that the notice of the hearing did not, served the respondent only, not the respondent's attorney. This is page 26 of the administrative record. So how is this respecting the right to counsel that Mr. Pinopar has exercised? Well, I believe my reading of the sequence of events and the dates is that that notice of appearance wasn't actually entered until after the I.J. held the hearing because it was entered in connection with the filing of the motion for reconsideration. And now counsel did represent Mr. Pinoparas at the asylum, into the interviews with the asylum officers. There were three interviews. The first one, counsel was present for most of it. And then Mr. Pinoparas affirmatively waived her presence because she had to leave. The second interview that happened, he did not waive her presence. And the asylum officer agreed to reschedule it. And then at the third one, she was not present. They tried calling her twice in two different numbers that he had. And then he affirmatively waived her presence. But the same counsel appeared at some point, sometimes waived her appearance, right, during the asylum officer proceedings and then continued to represent Mr. Pinoparas through the I.J. proceedings. Okay, so how could an entry of appearance have occurred? Well, you know, again, this is where the record is not clear, Your Honor. There was a notation on one of the interview transcripts with the counsel's information. And so the DHS part of the proceeding, which is the asylum officer proceeding, they were aware that he had counsel. The asylum officer, I think, was very diligent in ensuring that his counsel was informed of these proceedings. And then, you know, counsel also is aware that these proceedings are ongoing and that it all happens very fast. However, that being said, the record is not clear as to why Mr. Pinoparas' counsel, as far as I can tell from the record, the counsel was not listed on the certificate of service and of the hearing notice. So, again, you know, this remand will provide the opportunity to clarify the record and have the procedure take place, I think, you know, excuse me, will allow Mr. Pinoparas' counsel to be present at a subsequent hearing. But in order to ensure that Mr. Pinoparas' counsel is present, we have to say that counsel is entitled to be there or that Mr. Pinoparas is entitled to have counsel there. Do you agree with that? Well, yes and no, because just because there's not a statutory right to counsel under 1362 doesn't mean that the way the immigration court proceedings are conducted are to provide, as the IJ did here, consistent with the IJ manual, which I think the section is 7.4, the sort of standard practice that I understand may follow was followed here, according to the transcript. And this court has also recognized in both Bonilla and in Valparaiso, Toronto, that the IJ saying on the record that he's entitled to counsel, he received a list of attorneys, demonstrates that the IJ was aware of the importance of counsel being there and did not deprive him of that right. Counsel, please continue this for another short period to make sure counsel is here. I'm sorry, would you mind repeating the question? Didn't the petitioner at the beginning of the hearing say, I have counsel. Counsel isn't here. Please give me a short continuance to make sure counsel is here. The way I read the transcript, Your Honor, is that he did not expressly ask for continuance. He said, I tried to contact her yesterday. I received the letter on Monday. I tried to contact her. I didn't know I had a hearing. And then, you know, as soon as the IJ heard that he tried to contact her, the court said, I've not received any communication from a hearing, and so we're going to proceed. And this sequence of events is very similar to what happened in Orozco-Lopez, where counsel was not actually present. Where the court found no violation, counsel was not actually present. What was done was that she was given an opportunity to be present. I appreciate that you're acknowledging the importance of telling Mr. Pino-Perez that he has the opportunity to have counsel present for him. But what is the purpose of that when counsel has entered an appearance, yet the agency has not informed counsel of the hearing, and then when Mr. Pino-Perez shows up at the hearing before the IJ and says, I have a lawyer. She's not here. The IJ just goes ahead anyway. I mean, don't we have to say something about that to right this ship? I think righting the ship is the answer to the remand to provide counsel an opportunity to be present. And yes, Your Honor. No, I mean, I just, to right this ship, my question was, does the ship need righting? And I think it does need righting. I mean, when you ask for counsel and you say you have counsel and counsel isn't there, I think there should be some accommodation made by the court to make sure counsel is there for any hearing that is held. I agree as long as it is cabined within that 10 days. And the court only had four more days in order to meet that deadline. And, you know, both this court, the Ninth Circuit have talked in great detail in many cases about the fact that this is a screening process. It is not a full-blown evidentiary hearing. It is meant to move fast because these are reinstatement proceedings. And I guess that's where I keep circling back to you because it's not clear to me what the question is before this court. It could be, what does the statute mean when it uses the phrase any removal proceeding? And was that right present here? It could also mean, did the IJ abuse its discretion in not allowing for time to have the attorney that Mr. Pino Torres represented that he did? It's two separate questions, right? One is to sort of say, like, no, look, was it reasonable that the IJ didn't grant a continuance or didn't, you know, didn't pause the proceedings to find counsel, get to the bottom of the service issue? The other is, was there some statutory right? And we don't have because of, as what the United States says, because of the brevity of the IJ's written decision. We don't really know what the basis was. It's not as if the IJ said, we don't have a right under 1362 to have counsel because this isn't a removal proceeding, so I'm proceeding. Or, I think I've given you enough time and enough notice for you to have the attorney that you're otherwise entitled to have, so I'm moving on. Those are two very separate, two different questions. I mean, and I don't know how we answer them in the abstract, but we don't really know what happened here based on, again, what you're calling the thinness of the IJ's decision. I agree, Your Honor, and I will, in the very brief time I have left, just reiterate that any removal, it's the government's position that any removal proceeding within 16, I'm sorry, 1362, does not include the regulatory reasonable fair process that is taking place here within the context of reinstatement proceedings. And for all the reasons we've discussed and that I've stated in my brief, the court should grant the government's motion to remand the case and to the immigration court for further consideration. Thank you, counsel. Ms. Fetrow. Thank you. I'd like to address three points. First, the question of whether or not a remand petitioner could have his counsel present. I will confess to being a bit confused by the position that Respondent has taken before the court today, which is he should have a right to have his counsel present, and also the IJ did nothing wrong in excluding his counsel from the reasonable fair proceedings before the immigration judge. Below, the immigration judge says to Mr. Pinoporous explicitly, subject to my discretion, you can have counsel present. And when Mr. Pinoporous very clearly expressed that he had retained an attorney and wanted her present and was unable to contact her, the IJ nevertheless continued the proceedings without the attorney present. So in order for Respondent to get what they say they want and to allow Mr. Pinoporous to have his attorney present at the proceedings below, this court should issue an opinion explaining that he does have that right to counsel so that it can be protected below. Second, I want to talk about what it means for a counsel to actually be present at the proceeding. So the record is clear that Mr. Pinoporous tried to call his attorney. His attorney was not informed, and he only found out about the proceedings the day before. Respondent points to the fact that the notice to him is dated September 2nd, but he explicitly tells the IJ, I did not receive this notice on the 2nd. I received it on the 5th, the day before the hearing. The hearing was at 930 in the morning. I'll also note that Mr. Pinoporous was detained at the time of this proceeding and is still detained today. And so he explains that he was actually unable to contact him. He's detained because of the entry of the prior removal proceeding. He's detained because of the prior order of removal. Correct, yes. And he came back without authorization. That's right. And then he was arrested for criminal conduct, right? That's right. He was fleeing gang violence that threatened him and told him he was next, and came to the United States, returned to the United States to flee that violence. Several years after he returned. Correct. It wasn't an immediate return, in other words. Well, the gang had been threatening his family for decades. So Your Honor is correct that there was not a single incident that caused him to return, but it was the accumulation of decades of his family being murdered and targeted by this gang. But that is secondary to the question. And then he was charged with several offenses here in the United States, right? That's right. Sex assault, abuse, rape, DWI. It's beyond the scope of the record, but we filed a habeas petition, which I can direct the court to if the court has questions about his criminal convictions. His only two convictions were for DUI and one other disorderly conduct offense. The other offenses that are consistent in Administrative Record 11 were dismissed. But I want to turn to the question about whether his right to counsel was violated here. I think Respondent tries to blur the question a little bit by confusing the court about whether or not his right to counsel was actually violated. He's very clear with the IJ that he did not have the opportunity to inform his counsel about the proceedings and he wanted her present. This court has never held that a person in an immigration context needs to use the word continuance to request some sort of delay from the immigration judge. No, no, no. But I'm not sure I see the inconsistency in the United States argument that you're pointing to. I mean, I think it goes to this question of was the IJ saying, sorry, you don't have a statutory right to counsel, period, 1362, does not apply. I'm moving on. Or is the IJ saying, well, I don't think you've been diligent. I don't think this is reasonable. I don't think further delay is necessary. I'm moving on. Those are two separate legal questions under two separate analyses, and it is, I think, at least arguably unclear from the written decision and that part of the record which the IJ was proceeding under. So I think that's what I understand the United States to be saying, that it really, it's not two separate paths and it's not clear which this court should take. Sure. So I think the IJ, I completely agree that the IJ's decision is ambiguous and confusing and does not explain her reasoning. That's a major part of why we're here today. But on this right to counsel question specifically, the IJ says, subject to my discretion, you can have an attorney present today. That, to me, suggests that the IJ didn't believe that he had a right to counsel at those proceedings and that she could permit it. But even if the right to counsel had applied, and suppose there had been ten continuances, right? At that point, the IJ has grounds to say, look, I think you've waived your right to counsel here because you've made no diligent effort to proceed. I absolutely agree that there are outer limits in the 10-day timeline. But that's why, how do we know that that's what the IJ didn't mean? In other words, isn't that part of your argument, that this is an insufficient record for us to conduct a kind of meaningful review? I don't think the record is insufficient on the right to counsel, because the record on the right to counsel is very clear. He told the IJ he wanted his counsel present, and she denied him the opportunity to have his present. Your Honor is correct that if he had sought a six-month continuance to obtain counsel or he asked for multiple continuances, that would be a very different circumstance. But this court does not need to determine the outer limit of the right to counsel under 1362 to hold that here, where he was only halfway through the 10-day timeframe at the first appearance before the immigration judge, had actually obtained counsel and wanted her present, and the IJ denied him that right, that his right to counsel was violated. Thank you. One more question. Sure. If we were to determine that the IJ accused her discretion by not permitting counsel to participate in the circumstances here, would that give your client the relief that he seeks? Accompanied by a remand on the substance of the opinion as well. If the court were to grant the petition, vacate and remand because the opinion was not sufficient for meaningful review. Was not sufficient, and because in these circumstances, it was an abuse of discretion to not permit counsel to be present. Yes, that is exactly what we're seeking, Your Honor. Thank you very much. Thank you, counsel. Case is submitted.